UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DANIEL BUTCHER, et al.,**

    **Plaintiffs,**

v.                            **CASE NO. 2:09-cv-00373**

**THE LINCOLN JOURNAL, INC., et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Currently pending before the court is the Verified Motion for Substitution, filed November 18, 2011. (ECF No. 66.) The parties have responded (ECF No. 68) and replied (ECF No. 69), making the motion ripe for decision.

In the motion, filed in a timely manner pursuant to Rule 25(c)(1) of the Federal Rules of Civil Procedure, Kathy Eversole, the personal representative of the Estate of Daniel N. Butcher, moves the court for an order substituting her in her capacity as the duly appointed representative of the Estate of Daniel N. Butcher, deceased, as a plaintiff in this action. Mr. Butcher died on August 11, 2011, and a copy of his Death Certificate and the Order Appointing Personal Representative and Letters of Administration are attached to the motion as exhibits. Ms. Eversole asserts that pursuant to West Virginia Code § 55-7-8a, certain claims of Mr. Butcher survive Mr. Butcher's death. (ECF No. 66, pp. 1-2; ECF No. 67, pp. 1-2.)

The defendants do not oppose the appointment of Ms. Eversole as a proper

representative, but vigorously object to the extent that Ms. Eversole seeks appointment to proceed with any claim that is extinguished as a matter of law. The defendants point out that Rule 25 permits substitution of a natural person "[i]f a party dies and the claim is not extinguished" as a matter of applicable law. (ECF No. 68, pp. 1-2.) The defendants argue that Daniel Butcher's claims for defamation, public disclosure of private facts and false light invasion of privacy do not survive his death. (ECF No. 68, pp. 7-10.) The defendants further assert that with respect to Mr. Butcher's claim for intentional infliction of emotional distress, the facts in this case do not rise to the level of conduct necessary to satisfy the claim. (ECF No. 68, pp. 11-12.) In light of the foregoing, the defendants argue that Mr. Butcher's claim for punitive damages also should be dismissed with prejudice. (ECF No. 68, pp. 12-13.)

Regarding Custom Surroundings, Inc., the defendants assert that its claims, which are the same as those filed by Mr. Butcher, also should be dismissed based on lack of capacity to sue. The defendants assert that at the time this action was commenced, Custom Surroundings, Inc. was not registered to transact business in the State of West Virginia and on October 1, 2010, its corporate charter was forfeited under Maryland law for nonpayment of taxes. Thus, Custom Surroundings, Inc. does not exist as a legal entity and is a nullity and, in any event, even assuming Custom Surroundings, Inc. has the legal capacity to sue, its claims fail on the merits. (ECF No. 68, pp. 13-19.)

In reply, Ms. Eversole asserts that the only issue raised in her motion is the substitution of her for her deceased husband, Mr. Butcher, for those claims that survive his death. Ms. Eversole points out that "defendants correctly state that Mr. Butcher's claim for intentional infliction of emotional distress and outrageous conduct and his

claim for punitive damages, survive his death" and, because the parties are in agreement on this point, the court should grant the motion. (ECF No. 69, p. 1.) Ms. Eversole asserts that the remaining arguments raised in the motion amount to an unfiled motion for summary judgment and are premature and nonresponsive to the motion. (ECF No. 69, pp. 2-3.)

Rule 25(a)(1) of the Federal Rules of Civil Procedure states that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The defendants do not oppose the appointment of Ms. Eversole as a proper representative, and, accordingly, it is hereby **ORDERED** that the Verified Motion for Substitution is **GRANTED** as to claims that are not extinguished.

However, the claims of defamation, public disclosure of private facts and false light invasion of privacy do not survive Mr. Butcher's death and must be dismissed with prejudice. "Numerous torts such as … defamation … take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c) (2008). These torts, which do not fall within the realm of personal injury, are controlled by subsection (c) because they do not survive the death of a party." Wilt v. State Auto. Mut. Ins. Co., 506 S.E.2d 608, 613 (W. Va. 1998). According to the Supreme Court of Appeals of West Virginia, determining which torts fall into subdivision (c) of West Virginia Code § 55-2-12 requires reference to the survivability provisions set forth in West Virginia Code § 55-7-8a(a) (2008). Wilt, 506 S.E.2d at 613. West Virginia Code § 55-7-8a(a) provides that "[i]n addition to the causes of action which survive at common law, causes of action for

3

injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable." In Thompson v. Branches-Domestic Violence Shelter of Huntington, W. Va., Inc., 534 S.E.2d 33, 38 (W. Va. 2000), the State Supreme Court reiterated that

> "[b]y isolating causes of action for fraud and deceit and combining them with personal actions which will survive under W.Va.Code, 55-7-8a(a), it is apparent that the Legislature intended to exclude from statutory survivability under subsection (a) other personal tort actions such as defamation, false arrest and imprisonment, and malicious prosecution. These latter personal actions, lacking statutory survivability and possessing no common law survivability, take a one-year statute of limitations under W.Va.Code, 55-2-12(c)."

(quoting Snodgrass v. Sisson's Mobile Home Sales, Inc., 244 S.E.2d 321, 325 (1978)). Because defamation is excluded from statutory survivability under § 55-7-8a, defamation takes the one-year statute provided by § 55-2-12 and does not survive Mr. Butcher's death. Because the claim was extinguished upon Mr. Butcher's death, the court cannot substitute Ms. Eversole as the personal representative as to this claim.

Likewise, the claims of public disclosure of private facts and false light invasion of privacy must also be dismissed. "It is generally recognized that in the absence of a statute to the contrary, invasion of privacy is a personal action which dies with the individual." Slack v. Kanawha Cnty. Hous. & Redev. Auth., 423 S.E.2d 547, 551 (W. Va. 1992).

Accordingly, it is hereby **ORDERED** that Mr. Butcher's claims of defamation, public disclosure of private facts and false light invasion of privacy are **DISMISSED** with prejudice. A separate Judgment Order will be entered this day.

As to the remaining claims filed by Mr. Butcher, intentional and/or negligent infliction of emotional distress and punitive damages, dismissal of those claims at this juncture is premature. Furthermore, while defendants may have a successful summary judgment motion for the claims filed by Custom Surroundings, Inc., such motion has not been filed.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTER: January 12, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge